UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| HORTENCIA T. VALENCIA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,[1]<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 1:17-cv-01662-GSA<br><br>STIPULATION AND ORDER FOR THE AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) (28 U.S.C. § 2412(d)) |

TO THE HONORABLE GARY S. AUSTIN, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

The Parties through their undersigned counsel, subject to the Court's approval, stipulate that Plaintiff be awarded attorney fees in the amount of SIX THOUSAND, TWO HUNDRED FIFTY DOLLARS and 00/100 ($6,250.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel, Jonathan O. Peña.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of SIX THOUSAND, TWO HUNDRED FIFTY DOLLARS and 00/100 ($6,250.00) in EAJA attorney fees shall constitute a complete release from, and bar to, any and all claims that Plaintiff and Plaintiff's attorney, Jonathan O. Peña, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

                                                        Respectfully submitted,

Dated: July 19, 2019          /s/ Jonathan O. Peña
                                      JONATHAN O. PEÑA
                                      Attorney for Plaintiff

| | | |
|---|---|---|
| Dated: July 19, 2019 | | MCGREGOR W. SCOTT<br>United States Attorney<br>DEBORAH LEE STACHEL<br>Regional Chief Counsel, Region IX<br>Social Security Administration |
| | By: | _/s/ Marcelo N. Illarmo*_<br>MARCELO N. ILLARMO<br>Special Assistant U.S. Attorney<br>Attorneys for Defendant<br>(*Permission to use electronic signature obtained via email on 7/16/19). |

IT IS SO ORDERED.

Dated: **July 22, 2019**          **/s/ Gary S. Austin**
                    UNITED STATES MAGISTRATE JUDGE